GLENN L. JUDD and WILLIAM O. VOLENTINE, Plaintiffs, *v.* THE BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 2 OF THE TOWN OF HEMPSTEAD, NASSAU COUNTY, NEW YORK, Defendant, and JOHN J. BENNETT, JR., Attorney-General of the State of New York, Intervenor, and LOUIS TROUVE and FREDERICK B. BERTRAND, JR., Intervenors.

Supreme Court, Nassau County, November 9, 1937.

*Joseph Wheless*, for the plaintiffs.

*Stephen Crane West*, for the defendant.

*John J. Bennett, Jr., Attorney-General [John F. X. McGohey* of counsel], intervening on the question of the constitutionality of subdivision 18 of section 206 of the Education Law.

*Thomas F. Hyland*, for Louis Trouve and Frederick B. Bertrand, Jr., intervenors.

FURMAN, J. The plaintiffs have instituted a taxpayer's action to enjoin the board of education from furnishing transportation of school pupils to and from any private or religious schools within said school district in question or adjacent districts, and particularly the pupils of Our Lady of Loretta School. The Attorney-General has been allowed to intervene because the constitutionality of a statute is involved. The intervention of several other parties has been consented to by all concerned.

Cross-motions have now been made for judgment on the pleadings and two questions are presented for the court's determination. *First.* Is the board of education considered a municipal corporation such as would give this court jurisdiction over it in an action of this kind? *Second.* Is subdivision 18 of section 206 of the Education Law unconstitutional in that it is in direct conflict and in violation of section 4 of article 9 of the New York State Constitution?

As to the first question, I think there can be no doubt that the board of education is a municipal corporation and the weight of authority so holds. Therefore, the court has jurisdiction of this cause.

The second question presented calls for a construction of subdivision 18 of section 206 of the Education Law, as amended.

Section 4 of article 9 of the New York State Constitution reads as follows: " Neither the State nor any subdivision thereof, shall use its property or credit or any public money, or authorize or permit either to be used, directly or indirectly, in aid or maintenance, other than for examination or inspection, of any school or institution of learning wholly or in part under the control or direction of any religious denomination, or in which any denominational tenet or doctrine is taught."

This article is clear and explicit and needs no explanation.

Subdivision 18 of section 206 of the Education Law, as amended, reads as follows: " Whenever in any school district children of school age shall reside so remote from the schoolhouse therein or the school they legally attend that they are practically deprived of school advantages during any portion of the school year, the inhabitants thereof entitled to vote are authorized to provide, by

tax or otherwise, for the conveyance of any or all pupils residing therein * * * to the school maintained in said district and to schools, other than public, situate within the district or an adjacent district or city. Whenever conveyance of pupils shall be so provided for by vote of the inhabitants, the school district and the school trustees shall provide, if need be, one or more routes so that all children of school age in said district shall equally be afforded transportation facilities."

This section, before it was amended, applied solely to public schools. It is clear that it was amended to provide transportation for pupils of all schools, whether they be public or otherwise.

Pursuant to further provisions of this latter statute, not set forth herein, a vote was taken by the taxpayers of the school district, at a regularly called school meeting, to determine whether transportation should be given to pupils of schools, other than public. The proposition was defeated. Thereafter an appeal was taken to the Commissioner of Education who handed down a ruling making it mandatory upon the school district to furnish transportation to pupils of schools other than public, and more particularly the school known as Our Lady of Loretta School, a parochial school. The school district abided by this ruling and is now furnishing such transportation.

The plaintiffs now contend that subdivision 18 of section 206 of the Education Law is in violation of the State Constitution in that the moneys of the school district are being used in aid and maintenance of a denominational school. With this the court cannot agree.

It does not appear that any of the taxpayers' moneys whether such taxes are paid by a parent of a pupil attending the public school or a parent of one attending a denominational school, is being used or spent to aid or maintain the denominational school in question. The school here is directly supported by the parishioners of Our Lady of Loretta Roman Catholic Church. The school is not dependent for its support on moneys raised by taxation within the school district. The school has functioned and can function without such support. The test is whether the parochial school would stand to gain or lose if no means of transportation were afforded its students. It would not. Its pupils are legally bound to attend school while they are of school age and although it would inconvenience them to some extent they would continue to attend said school in all probability. It must be borne in mind that many children attended parochial schools long before the section of the Education Law in question was amended to provide for their transportation. Therefore, applying this test, it can readily be seen that the service afforded by this amendment to the law is

distinct and independent of the school itself and is intended solely for the convenience of the pupils and to promote their education and is not " aid or maintenance " of a denominational school, as such words are contemplated by section 4 of article 9 of the State Constitution.

To discriminate against the pupils of denominational schools would be, in effect, an unreasonable interference with the rights of their parents in determining where their children should be educated.

It must also be borne in mind that a goodly portion of the parents of children attending denominational schools are property o ɼners within the union free school district and are taxed for the purpose of maintaining the public schools and for the transportation of the pupils to and from the public schools.

Therefore, in the light of all the circumstances, I am compelled to uphold the constitutionality of this statute and grant defendant's motion for judgment on the pleadings. The plaintiffs' cross-motion is necessarily denied.